# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VENCENT SCALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-231-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vencent Scales pled guilty to theft of government funds and was sentenced to 60 months of imprisonment and a three-year term of supervised release. The district court also ordered Scales to pay restitution of $29,427.37, to be payable immediately, but noted that nonpayment will not be a violation of Scales's conditions of supervised release. In this appeal, Scales challenges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10725

the district court's restitution order, arguing that the district court failed to adequately consider his financial circumstances or ability to pay restitution.

While a restitution order is generally reviewed for an abuse of discretion, because Scales failed to raise the issue in the district court, review is for plain error only. *See United States v. Arledge*, 553 F.3d 881, 900 (5th Cir. 2008). To demonstrate plain error, Scales must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious if it is subject to reasonable debate. *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009). If Scales makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

We need not determine whether the district court erred in this case, because, even assuming error, any error was not clear or obvious. Based on the cases cited by the parties in their briefs, the issue is, at the very least, subject to reasonable debate. Thus, Scales's challenge to the district court's restitution order fails. *See Puckett*, 556 U.S. at 135; *Ellis*, 564 F.3d at 377–78.

AFFIRMED.